**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

LARRY WHITE,

    Plaintiff,

v.

WILLIAMS & FUDGE, INC., a South Carolina corporation,

    Defendant.

---

## COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff Larry White is a natural person.

8. The Plaintiff resides in the City of Laporte, County of Larimer, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant Williams & Fudge, Inc. is a South Carolina corporation operating from an address at 300 Chatham Avenue, Rock Hill, SC, 29730.

12. The Defendant's registered agent in the state of Colorado is Colorado Manager, Inc., 80 Garden Center, Suite 3, Broomfield, Colorado, 80020.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18. Sometime before 2012 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on a personal account owed to Colorado Christian University (hereinafter the "Account").

19. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with Colorado Christian University.

21. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22. The Account was placed or otherwise transferred to the Defendant for collection.

23. The Defendant's account / reference number for the Account is L36578-12.

24. The Plaintiff disputes the Account.

25. The Plaintiff requests that the Defendant cease all further communication on the Account.

26. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

27. The Defendant acted at all times mentioned herein through its employee(s).

28. In the year prior to the filing of the instant action the Plaintiff had telephone conversation(s) with the Defendant regarding the Account while the Defendant was attempting to collect the Account.

29. In May 2013 the Plaintiff had telephone conversation(s) regarding the Account with the Defendant via its employee(s).

30. During the telephone conversation(s) in May 2013 between the Defendant and the Plaintiff regarding the Account the Defendant via its employee located the Account and informed the Plaintiff that the Defendant had the Plaintiff's Colorado Christian University account and stated the balance on the Account was $2,196.15.

31. During the telephone conversation(s) in May 2013 between the Defendant and the Plaintiff regarding the Account the Defendant represented to the Plaintiff that the Account will stay on the credit bureau reports until it is paid.

32. The Defendant's representation stated in paragraph 31 was false and was a false representation in connection with the collection of a debt, the Account.

33. During the telephone conversation(s) in May 2013 between the Plaintiff and the Defendant regarding the Account, the Plaintiff disputed the Account.

34. During the telephone conversation(s) in May 2013 between the Plaintiff and the Defendant regarding the Account, the Plaintiff notified the Defendant that the Account is disputed.

35. During the telephone conversation(s) in May 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff stated: I don't agree I owe that much, that's too much.

36. During the telephone conversation(s) in May 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff stated: I didn't borrow that much.

37. During the telephone conversation(s) in May 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff stated: I maybe owe half that much.

38. During the telephone conversation(s) in May 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff stated: I don't agree I owe that much.

39. The Plaintiff disputed the Account with the Defendant in May 2013.

40. The Defendant was aware that the Account was disputed in May 2013.

41. Prior to June 2013 the Defendant was aware that the Account was disputed.

42. Prior to June 2013 the Defendant was informed that the Account was disputed.

43. Prior to June 2013 the Defendant was aware that in May 2013 the Plaintiff disputed the Account.

44. Prior to June 2013 the Defendant was aware that in May 2013 the Plaintiff notified the Defendant that the Account is disputed.

45. Prior to June 2013 the Defendant was aware that in May 2013 the Plaintiff stated to the Defendant during a telephone conversation(s) with the Defendant regarding the Account: "I don't agree I owe that much" and "I didn't borrow that much".

46. After May 2013 the Defendant communicated information regarding the Account to Experian, Equifax and/or Transunion, credit reporting agencies.

47. After May 2013 the Defendant communicated to Experian, Equifax and/or Transunion the balance on the Account.

48. After May 2013 the Defendant communicated to Experian, Equifax and/or Transunion that the Original Creditor on the Account was: COLORADO CHRISTIAN UNIVERSIT.

49. After May 2013 when the Defendant communicated information regarding the Account to Experian, Equifax and/or Transunion the Defendant failed to communicate to Experian, Equifax and/or Transunion that the Account was disputed.

50. After May 2013 when the Defendant communicated information regarding the Account to Experian, Equifax and/or Transunion the Defendant did not

      communicate to Experian, Equifax and/or Transunion that the Account was disputed.

51. The information communicated to Experian, Equifax and/or Transunion by the Defendant after May 2013 on the Account conveyed information regarding the Account directly or indirectly to Experian, Equifax and/or Transunion.

52. The information communicated to Experian, Equifax and/or Transunion by the Defendant after May 2013 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

53. The only reason that the Defendant communicated the information regarding the Account after May 2013 to Experian, Equifax and/or Transunion was to attempt to collect the Account.

54. In June 2013 the Defendant communicated information regarding the Account to Experian, Equifax and/or Transunion, credit reporting agencies.

55. In June 2013 the Defendant communicated to Experian, Equifax and/or Transunion the balance on the Account.

56. In June 2013 the Defendant communicated to Experian, Equifax and/or Transunion that the Original Creditor on the Account was: COLORADO CHRISTIAN UNIVERSIT

57. In June 2013 when the Defendant communicated information regarding the Account to Experian, Equifax and/or Transunion the Defendant failed

7

to communicate to Experian, Equifax and/or Transunion that the Account was disputed.

58. In June 2013 when the Defendant communicated information regarding the Account to Experian, Equifax and/or Transunion the Defendant did not communicate to Experian, Equifax and/or Transunion that the Account was disputed.

59. The information communicated to Experian, Equifax and/or Transunion by the Defendant in June 2013 on the Account conveyed information regarding the Account directly or indirectly to Experian, Equifax and/or Transunion.

60. The information communicated to Experian, Equifax and/or Transunion by the Defendant in June 2013 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

61. The only reason that the Defendant communicated the information regarding the Account in June 2013 to Experian, Equifax and/or Transunion was to attempt to collect the Account.

62. In July 2013 the Defendant communicated information regarding the Account to Experian, Equifax and/or Transunion, credit reporting agencies.

63. In July 2013 the Defendant communicated to Experian, Equifax and/or Transunion the balance on the Account.

64. In July 2013 the Defendant communicated to Experian, Equifax and/or Transunion that the Original Creditor on the Account was: COLORADO CHRISTIAN UNIVERSIT.

65. In July 2013 when the Defendant communicated information regarding the Account to Experian, Equifax and/or Transunion the Defendant failed to communicate to Experian, Equifax and/or Transunion that the Account was disputed.

66. In July 2013 when the Defendant communicated information regarding the Account to Experian, Equifax and/or Transunion the Defendant did not communicate to Experian, Equifax and/or Transunion that the Account was disputed.

67. The information communicated to Experian, Equifax and/or Transunion by the Defendant in July 2013 on the Account conveyed information regarding the Account directly or indirectly to Experian, Equifax and/or Transunion.

68. The information communicated to Experian, Equifax and/or Transunion by the Defendant in July 2013 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

69. The only reason that the Defendant communicated the information regarding the Account in July 2013 to Experian, Equifax and/or Transunion was to attempt to collect the Account.

70. Upon information and belief in 2013 the Defendant regularly reported information on Account(s) that it was attempting to collect to Experian, Equifax and/or Transunion.

71. Upon information and belief in 2013 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian, Equifax and/or Transunion.

72. Upon information and belief in 2013 the Defendant reported information to Experian, Equifax and/or Transunion on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

73. The telephone conversation(s) in May 2013 between the Plaintiff and the Defendant and / or employee(s) of the Defendant each conveyed information regarding the Account directly or indirectly to the Plaintiff.

74. The telephone conversation(s) in May 2013 between the Plaintiff and the Defendant and / or employee(s) of the Defendant each constituted a "communication" as defined by FDCPA § 1692a(2).

75. On information and belief the Defendant made a audio recording and/or audio recording(s) of its telephone conversation(s) with the Plaintiff in May 2013.

76. On information and belief the Defendant has a copy and/or copies of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in May 2013.

77. On information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

78. On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

79. On information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

80. On information and belief the Defendant has a copy and/or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

81. On information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

82. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian, Equifax and Transunion on the Account.

83. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information

that it provided to Experian, Equifax and/or Transunion on the Account after May 2013.

84. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian, Equifax and/or Transunion on the Account in May 2013.

85. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian, Equifax and/or Transunion on the Account in June 2013.

86. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian, Equifax and/or Transunion on the Account in July 2013.

87. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian, Equifax and/or Transunion on the Account prior to May 2013.

88. The Defendant did not communicate to Experian, Equifax and/or Transunion that the Account is disputed on or before July 23, 2013.

89. The Defendant's action(s) constitute false and misleading representation(s) and mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

90. The Defendant's action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

91. Credit reporting constitutes an attempt to collect a debt. See, e.g., Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 (D.Utah 1997).

92. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

93. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

94. As a consequence of the Defendant's action(s) in the year prior to to filing of the instant action, the Plaintiff seeks damages pursuant to FDCPA § 1692k.

## COUNT I, FDCPA VIOLATION

95. The previous paragraphs are incorporated into this Count as if set forth in full.

96. The act(s) and omission(s) of the Defendant constitute a violation of the FDCPA § 1692e preface, e(2)(A), e(8), e(10) and § 1692f preface.

97. Pursuant to FDCPA § 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1. A judgment in favor of the Plaintiff and against the Defendant.
2. Damages pursuant to 15 U.S.C. § 1692k(a).
3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).
4. Such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    _s/ David M. Larson_____
    David M. Larson, Esq.
    88 Inverness Circle East, Suite I-101
    Englewood, CO 80112
    (303) 799-6895
    Attorney for the Plaintiff